IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROVI CORPORATION, ROVI TECHNOLOGIES CORPORATION, ROVI GUIDES, INC. (f/k/a GEMSTAR-TV GUIDE INTERNATIONAL INC.), GEMSTAR DEVELOPMENT CORPORATION and UNITED VIDEO PROPERTIES, INC., <br><br>       Plaintiff, <br><br>  v. <br><br>HULU, LLC, <br><br>       Defendant. | C.A. No. 11-665 (MMB) |

**DEFENDANT HULU, LLC'S OPENING BRIEF IN SUPPORT OF ITS RENEWED MOTION TO DISMISS PLAINTIFFS' INDIRECT INFRINGEMENT CLAIMS FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(B)(6)**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
OF COUNSEL:  klouden@mnat.com

Morgan Chu            *Attorneys for Defendant Hulu, LLC*
Ellisen S. Turner
IRELL & MANELLA LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
(310) 277-1010

November 7, 2011

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

I.   NATURE AND STAGE OF THE PROCEEDINGS ........................................................ 2

II.  SUMMARY OF ARGUMENT ........................................................................................ 3

III. STATEMENT OF FACTS ............................................................................................... 4

IV.  LEGAL STANDARDS .................................................................................................... 5

   A.   Standard of Review for a Rule 12(b)(6) Motion to Dismiss ................................ 5

   B.   Legal Standard For Induced Infringement ............................................................ 6

V.   ARGUMENT .................................................................................................................... 7

   A.   Rovi Fails To Sufficiently Allege That Hulu Both Knew Of The
        Patents And Knowingly Induced A Third Party's Infringing Acts ....................... 8

        1.   Rovi's allegations concerning a 2008 communication with
             Hulu that included the '546 Patent are insufficient to
             establish the knowledge required for an inducement claim. ....................... 8

        2.   Rovi's Original Complaint was insufficient to establish the
             knowledge required for an inducement claim. ............................................ 9

   B.   Rovi Fails To Adequately Plead That Hulu Had Specific Intent To
        Induce A Third Party's Infringement .................................................................. 11

   C.   Rovi Fails To Allege The Requisite Third-Party Direct
        Infringement ........................................................................................................ 13

VI.  CONCLUSION ............................................................................................................... 15

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Air Vent, Inc. v. Owens Corning Corp.*,
   No. 10–cv–01699, 2011 WL 2601043 (W.D. Pa. June 30, 2011) ................................. 14, 15

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009) ............................................................................................... 5, 6, 15

*Bell-Atlantic v. Twombly*,
   550 U.S. 544 (2007) ........................................................................................................Passim

*Broadcom Corp. v. Qualcomm Inc.*,
   543 F.3d 683 (Fed. Cir. 2008)............................................................................................. 7, 13

*Catapano v. Wyeth Ayerst Pharm., Inc.*,
   88 F. Supp. 2d 27 (E.D.N.Y. 2000).......................................................................................11

*Circuit City Stores v. Citgo Petroleum Corp.*,
   No. 92-CV-7394, 1994 U.S. Dist. LEXIS 12634 (E.D. Pa. Sept. 7, 1994).............................3

*DSU Med. Corp. v. JMS Co.*,
   471 F.3d 1293 (Fed. Cir. 2006).............................................................................................11

*Eon Corp. IP Holdings LLC v. FLO TV Inc.*,
   No. 10-CV-812, 2011 WL 2708945 (D. Del. July 12, 2011) ..................................................6

*Fowler v. UPMC Shadyside*,
   578 F.3d 203 (3rd Cir. 2009) ............................................................................................. 5, 6

*Global–Tech Appliances, Inc. v. SEB S.A.*,
   ––– U.S–––, ––––, 131 S.Ct. 2060, 2068, ––– L.Ed.2d ––––, –––– (2011)..................... 7, 10

*Godlewski v. Affiliated Computer Serv., Inc.*,
   210 F.R.D. 571 (E.D. Va. 2002) .............................................................................................3

*Ideal Instruments, Inc. v. Rivard Instruments, Inc.*,
   434 F. Supp. 2d 598 (N.D. Iowa 2006) ..................................................................................3

*In re Bill of Lading Transmission and Processing System Patent Litigation*,
   695 F. Supp. 2d 680 (S.D. Ohio 2010)..................................................................................11

*Insituform Techs., Inc. v. Cat Contr., Inc.*,
   161 F.3d 688 (Fed. Cir. 1998)................................................................................................9

*Mallinckrodt, Inc. v. E-Z-Em Inc.*,
   670 F. Supp. 2d 349 (D. Del. 2009) .......................................................................... 6, 7, 9, 13

*Medtronic Vascular, Inc. v. Boston Scientific Corp.*,
   348 F. Supp. 2d 316 (D. Del. 2004) ...................................................................................... 7

*Ondeo Nalco Co. v. Eka Chems., Inc.*,
   2002 U.S. Dist. LEXIS 26195 (D. Del. Aug. 10, 2002) ......................................................... 13

*Shearing v. Optical Radiation Corp.*,
   No. 93-850, 30 U.S.P.Q.2d 1878, 1994 U.S. Dist. LEXIS 18937 (D. Nev. Mar. 25,
   1994) ........................................................................................................................................ 13

*SRI Int'l, Inc. v. Internet Sec. Sys., Inc.*,
   647 F. Supp. 2d 323 (D. Del. Aug. 20, 2009) ................................................................... 7, 13

*Symantec Corp. v. Computer Assocs. Int'l, Inc.*,
   522 F.3d 1279 (Fed. Cir. 2008) ............................................................................................. 11

*Vita-Mix Corp. v. Basic Holding, Inc.*,
   581 F.3d 1317 (Fed. Cir. 2009) .......................................................................................... 7, 11

*Xpoint Techs. Inc. v. Microsoft Corp.*,
   730 F. Supp. 2d 349 (D. Del. 2010) ............................................................................... 6, 8, 9

## RULES AND STATUTES

35 U.S.C. § 271(b) ...................................................................................................... 6, 7, 10

Fed. R. Civ. P. 12(b)(6) ............................................................................................ 2, 3, 5, 6

Defendant Hulu LLC ("Hulu") moves to dismiss the indirect infringement claims in Rovi's[1] Amended and Supplemental Complaint ("Amended Complaint") for failure to state a claim for indirect infringement of U.S. Patent Nos. 6,396,546 ("the '546 Patent") and 7,769,775 ("the '775 Patent") (together, the "Challenged Patents"). In response to Hulu's prior motion to dismiss, Rovi filed its Amended Complaint that completely abandoned its deficient claims for contributory infringement. Hence, this renewed motion addresses only Rovi's inadequately pled inducement claims.[2]

Rovi's Amended Complaint has not cured the gross deficiencies in Rovi's claims for induced infringement. Rovi continues to provide only conclusory allegations and implausible innuendo that fail to meet the controlling *Twombly-Iqbal* pleading standard. Unable to muster sufficient factual allegations to support its original claims for inducement, Rovi's new pleading tries a new tack. Rovi has styled its pleading as an "Amended and Supplemental Complaint" and supposes that the scant allegations in Rovi's original complaint somehow provide the notice, knowledge, and specific intent necessary to support a claim for inducement. Rovi is wrong. Although Hulu now knows that Rovi's patents exist, it remains just as unaware as it ever was of, among other things, which specific Hulu technology is involved in the alleged infringement, which specific Hulu actions allegedly induce infringement by others, which "customers and end users" allegedly infringe, and how any alleged infringement occurs.

---

[1] Plaintiffs Rovi Corporation, Rovi Technologies Corporation, Rovi Guides, Inc. (f/k/a Gemstar-TV Guide International Inc.), Gemstar Development Corporation, and United Video Properties, Inc. are referred to collectively herein as "Rovi."

[2] Hulu is not presently seeking to dismiss Rovi's direct infringement claims. Rovi's Amended Complaint includes a third asserted patent, U.S. Patent No. 7,103,906 ("the '906 Patent"). The '906 Patent is not addressed in this motion because Rovi has never alleged indirect infringement for that patent.

Rovi's conclusory allegations that Hulu now knows that the patents exist, and that Rovi now believes them infringed by some unknown non-parties—through some unidentified activity relating to some unspecified Hulu support and instructions—are wholly insufficient to state a plausible claim for induced infringement. Rovi's speculative and implausible claims that Hulu has induced infringement of the Challenged Patents must therefore be dismissed.

## I. NATURE AND STAGE OF THE PROCEEDINGS

On July 28, 2011, Rovi filed its first Complaint ("Original Complaint") against Hulu for direct infringement of the Challenged Patents and the '906 Patent (collectively, the "Asserted Patents"). *See* D.I. 1 ("Compl."). The Original Complaint also alleged indirect infringement—both contributory and induced infringement—of only the Challenged Patents. Hulu timely filed a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss the indirect infringement claims in Rovi's Original Complaint, highlighting Rovi's conclusory, unsubstantiated allegations and the lack of factual support for these claims. Rather than respond to Hulu's motion to dismiss, Rovi voluntarily chose to drop all contributory infringement claims from its Original Complaint.

Rovi filed its Amended and Supplemental Complaint on October 19, 2011, alleging direct infringement of the Asserted Patents, and induced infringement of only the Challenged Patents.[3] *See* D.I. 2 ("Am. Compl."). This pleading does not cure the deficiencies

---

[3] After Rovi amended its complaint to remove its deficient and implausible contributory infringement allegations, Hulu withdrew its original motion to dismiss. *See* Hulu's Notice of Withdrawal of Motion to Dismiss (D.I. 21) filed on October, 24, 2011. The present renewed motion thus narrows the issues to Rovi's inducement allegations in the Amended Complaint.

in Rovi's inducement claims.  Hulu therefore moves to dismiss Rovi's remaining indirect infringement claims.[4]

## II. SUMMARY OF ARGUMENT

Rovi's allegations concerning induced infringement fall far short of the pleading requirements set forth in *Iqbal and Twombly*, and should be dismissed. The Amended Complaint still fails to provide facts sufficient to allege that 1) Hulu both knew about the Challenged Patents at the time of the alleged inducement and knew that it was inducing a third-party's direct infringement, 2) Hulu specifically intended to encourage a third-party's direct infringement and 3) a third-party directly infringed due to Hulu's allegedly inducing activities.  Rovi now attempts an end-run around the *Twombly-Iqbal* pleading standard that avoids alleging any plausible facts addressed to each required element.  Rovi proposes that Hulu's new knowledge that Rovi's patents exist is sufficient to infer all other elements of inducement.

The law countenances no such circumvention of *Twombly and Iqbal*.  Instead, Rovi's conclusory statements and implausible innuendo must be disregarded, leaving Rovi with nothing but an allegation that Hulu now knows that Rovi's patents exist.  That is not sufficient to state a claim for inducement.  The inconsistent, implausible, and incomplete factual allegations

---

[4] Hulu's motion to dismiss Rovi's indirect infringement claims suspends the time for Hulu to answer or otherwise respond to the remaining allegations in Rovi's Complaint. *See, e.g.*, *Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 434 F. Supp. 2d 598, 639 (N.D. Iowa 2006) ("[A] motion pursuant to Rule 12(b), even one that challenges less than all of the claims asserted in the complaint or other pleading, extends the time to answer as to all claims in the pleading."); *Godlewski v. Affiliated Computer Serv., Inc.*, 210 F.R.D. 571, 572 (E.D. Va. 2002) ("A majority of courts . . . hold that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion."); *Circuit City Stores v. Citgo Petroleum Corp.*, No. 92-CV-7394, 1994 U.S. Dist. LEXIS 12634, at *13 (E.D. Pa. Sept. 7, 1994) ("A partial 12(b) motion enlarges the time to file an answer.").

in Rovi's Amended Complaint regarding induced infringement of the Challenged Patents are insufficient and should be dismissed.

### III. STATEMENT OF FACTS

The majority of the relevant facts are stated above in Section I, which describes the nature and stage of the present proceedings. As that description reflects, Rovi's new tactic is to use a "Supplemental" pleading in a failed attempt to cure the factual deficiencies in its Original Complaint. In particular, for its inducement allegations regarding the '775 patent, Rovi now asserts that "Hulu had actual knowledge of its infringement of the '775 Patent no later than July 29, 2011," which is the date that Rovi filed the Original Complaint. Am. Compl. ¶ 41. Accordingly, the Amended Complaint acknowledges that Hulu's liability for indirect infringement of the '775 patent could not begin any earlier than the date Rovi filed its Original Complaint. Am. Compl. ¶ 42 (alleging liability only "as of July 29, 2011"). Rovi has not otherwise even attempted to address the deficiencies in its inducement allegations.

Rovi's indirect infringement allegations in the Amended Complaint also lack plausible factual allegations regarding Hulu's notice or knowledge of infringement regarding the '546 Patent. Rovi alleges that "[i]n August 2008, Rovi (then known as Macrovision) initiated discussions with Hulu regarding licensing of its EPG patent portfolio. As part of these discussions, Rovi specifically cited and provided Hulu with notice that it was infringing the '546 Patent." Am. Compl. ¶ 19 (emphasis added). This generalized allegation regarding the 2008 communication is incorrect, but even if credited, would be insufficient support Rovi's inducement claim, which states:

> Hulu encourages, provides support and instructs its customers and end users to use its electronic programming guides in a manner that infringes at least claim 30 of the '546 Patent . . .

Am. Compl. ¶ 27 (emphasis added).

Not even Rovi alleges that its 2008 communication included any reference to "claim 30 of the '546 Patent." Nor does Rovi allege that its "presentation" included any reference to any Hulu "support and instructions [to] its customers and end users," any explanation regarding why or how alleged third-party direct infringement occurred, any basis for Hulu to form an intent that a third-party should infringe or that Hulu had ever so intended, or any reference to indirect infringement whatsoever. Rovi's Amended Complaint thus fails to allege that Rovi described or even mentioned Hulu's alleged indirect infringement[s], or any third-party's direct infringement, of claim 30 of the '546 Patent before Rovi filed the Original Complaint. Rovi's Amended Complaint simply does not add any plausible factual allegations sufficient to address the missing elements detailed in Hulu's prior motion to dismiss.

## IV. LEGAL STANDARDS

### A. Standard of Review for a Rule 12(b)(6) Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell-Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). Thus a court must dismiss a complaint if the plaintiff fails to allege all of the requisite elements of its claims, or fails to state sufficient facts that, if proven true, would entitle the plaintiff to relief.

After *Iqbal*, a district court must conduct a two-part analysis when presented with a motion to dismiss for failure to state a claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3rd Cir. 2009). First, the Court must separate the factual and legal elements of the claim by carefully examining the complaint to unearth pure "legal conclusion[s] couched as factual

allegation[s]." *Twombly*, 550 U.S. at 555. Although the Court "must accept all of the complaint's well-pleaded facts as true, [it] may disregard any legal conclusions." *Fowler*, 578 F.3d at 210–11. Second, after removing those legal conclusions, the court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief, by "show[ing] such an entitlement with its facts." *Id*. at 211 (citing *Iqbal* 129 S.Ct. at 1949). Other than a dim reference to Rovi's 2008 communications and the date that Rovi filed its Original Complaint, removing legal conclusions, including those masquerading as factual allegations, from Rovi's induced infringement claims renders the Amended Complaint completely devoid of any relevant factual content.

This Court has confirmed that the *Twombly-Iqbal* standard controls the evaluation of patent infringement claims under Rule 12(b)(6). See, e.g., *Eon Corp. IP Holdings LLC v. FLO TV Inc.*, No. 10-CV-812, 2011 WL 2708945, at *2 (D. Del. July 12, 2011) (dismissing indirect infringement claims for failure to allege all requisite elements for indirect infringement claims); *Xpoint Techs. Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 352 (D. Del. 2010) (same); *Mallinckrodt, Inc. v. E-Z-Em Inc.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009) (same). As such, "a plaintiff's obligation to provide the grounds for his entitle[ment] to relief [for patent infringement] requires 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *See Mallinckrodt*, 670 F. Supp. 2d at 353 (quoting *Twombly*, 550 U.S. at 545).

### B. Legal Standard For Induced Infringement

Under 35 U.S.C. § 271(b), "whoever actively induces infringement of a patent shall be liable as an infringer." The elements of an induced infringement claim are (1) proof that

the indirect infringer knew of the patent during the alleged infringement, (2) proof that a third-party directly infringed the patent, and (3) proof that the defendant "knowingly induced infringement and possessed specific intent to encourage another's infringement.'" *SRI Int'l, Inc. v. Internet Sec. Sys., Inc.*, 647 F. Supp. 2d 323, 335 (D. Del. Aug. 20, 2009) (citing *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 697–98 (Fed. Cir. 2008)); *Medtronic Vascular, Inc. v. Boston Scientific Corp.*, 348 F. Supp. 2d 316, 323 (D. Del. 2004); see also *Global–Tech Appliances, Inc. v. SEB S.A.*, ––– U.S. ––––, ––––, 131 S.Ct. 2060, 2068, ––– L.Ed.2d ––––, –––– (2011) (holding that induced infringement requires knowledge that the induced acts constitute patent infringement). As such, a complaint stating a claim for inducement must allege both direct third party infringement of the patent and requisite knowledge and specific intent to encourage third-party infringement on the part of the inducer. *Mallinckrodt*, 670 F. Supp. 2d at 354.

### V. ARGUMENT

Rovi's formulaic and threadbare claims for induced infringement of the Challenged Patents fail to allege sufficient facts to support the knowledge, specific intent, and third-party infringement elements required to state a plausible inducement claim. Such a claim requires, in addition specific allegations that a third-party infringes the patent, a showing that "[1] the alleged inducer knew of the patent, [2] knowingly induced the infringing acts, and [3] possessed a specific intent to encourage another's infringement of the patent." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009); *see also* 35 U.S.C. § 271(b); *Medtronic*, 348 F. Supp. 2d at 323. Thus, "a complaint stating a claim for inducement must allege the requisite knowledge and intent," in addition to alleging direct third-party infringement.

*Xpoint Technologies, Inc.*, 730 F. Supp. 2d at 356. Rovi's Amended Complaint fails to meet these requirements.

### A. Rovi Fails To Sufficiently Allege That Hulu Both Knew Of The Patents And Knowingly Induced A Third Party's Infringing Acts

#### 1. Rovi's allegations concerning a 2008 communication with Hulu that included the '546 Patent are insufficient to establish the knowledge required for an inducement claim.

In an attempt to allege the knowledge elements needed to support its induced infringement claim for the '546 Patent, Rovi alleges that "Hulu had actual knowledge of its infringement of the '546 Patent no later than August 2008," which is when Rovi allegedly "initiated discussions with Hulu regarding licensing of its EPG patent portfolio." Am. Compl. ¶¶ 19, 26. Rovi further alleges that "as part of these [discussions], Rovi specifically cited and provided Hulu with notice that it was infringing the '546 Patent." Am. Compl. ¶ 19. But as described in Section III above, Rovi never alleges that it ever so much as hinted in 2008 that Hulu was indirectly infringing any claim of the '546 Patent. Further, not even Rovi alleges that its 2008 communication applied the properly construed language of any presently asserted patent claim to a specific Hulu activity or the activity of an alleged third-party direct infringer.

Although the Amended Complaint alleges that Hulu has "induced infringement of "at least claim 30 of the '546 Patent," Rovi never alleges that it discussed claim 30 with Hulu before it filed its Original Complaint. Am. Compl. ¶¶ 27. Whatever Rovi believes it communicated to Hulu in 2008, Rovi's complaint indicates that such communication at most allegedly provided Hulu with "actual knowledge of <u>its infringement</u> of the '546 Patent"—not any information concerning infringement by any third-party. Am. Compl. ¶ 25 (emphasis added).

Rovi's allegations that Hulu now knows that the '546 Patent exists, and that Rovi believes Hulu infringes it, do not satisfy the ¬ *Twombly-Iqbal* pleading standard, which here requires that the plaintiff provide "not only 'fair notice' of the nature of the [inducement] claim, but also the 'grounds' on which the [inducement] claim rests." *Twombly*, 127 S.Ct. at 1974 (internal citations and footnote omitted). To this day, far from having knowledge regarding infringement, Hulu remains completely in the dark regarding what Hulu conduct and third-party activity are allegedly at issue and how those activities could plausibly be infringing any Rovi patent claims.

Hulu does not have the burden to speculate on the potential grounds for Rovi's newly minted inducement claims against it. Rovi has failed to adequately support its allegation that Hulu has the requisite knowledge of the '546 Patent claims that it allegedly indirectly infringed and knowledge that its inducement was causing a third party to directly infringe. These failures to properly allege facts essential to an inducement claim require dismissal.

### 2. Rovi's Original Complaint was insufficient to establish the knowledge required for an inducement claim.

Rovi's new theory regarding Hulu's knowledge of the '775 patent is that Hulu has "had actual knowledge of its infringement of the '775 Patent no later than July 29, 2011," the date Rovi filed its Original Complaint. Am. Compl. ¶ 41. But courts have consistently rejected the notion that "knowledge [of the infringed patent] after filing of the present action is [] sufficient for pleading the requisite knowledge for indirect infringement." *Xpoint Techs*, 730 F. Supp. 2d at 357; *Mallinckrodt*, 670 F. Supp. 2d at 354 n.1; *Insituform Techs., Inc. v. Cat Contr., Inc.*, 161 F.3d 688, 695 (Fed. Cir. 1998) (finding defendant not liable for inducement

where it "did not know of the existence of the '012 patent until after [plaintiff] filed its complaint" and "all accused acts … occurred before [defendant] knew of the patent.").

Moreover, it is not clear that a patent infringement complaint, particularly a barebones complaint that completely eschews any description of the "who" and "how" regarding third-party direct infringement and the specific acts that induce it, can *ever* be sufficient to provide the defendant with knowledge sufficient to support an induced infringement claim. *See Global–Tech Appliances*,–– U.S. ––––, ––––, 131 S.Ct. at 2068 ("we now hold that induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement."). Rovi's Original Complaint contained absolutely no details about the claims in the Challenged Patents or what actions would or did infringe any Rovi patent claims. Compl. ¶¶ 41-42. Rovi has failed to provide any details or factual predicates establishing first, which claims of the '775 patent Hulu induced others to infringe, second, what constituted the inducing acts, or third, that these acts have in fact occurred with Hulu's knowledge since the time the Original Complaint was filed. Such factual allegations are essential to adequately allege any claim of infringement, particularly because acts occurring before Rovi filed its Original Complaint, and hence before Hulu ever knew the patent existed, could not indirectly infringe. There is similarly no factual foundation in the Amended Complaint for Rovi's legal conclusion that "Hulu has knowledge that its actions will induce infringement of the [Challenged Patents]" or knowledge that such infringement "will take place." Am. Compl. ¶¶ 27, 42. The legal conclusions in Rovi's Original Complaint are insufficient to provide any factual foundation for the knowledge required for an inducement claim.

### B. Rovi Fails To Adequately Plead That Hulu Had Specific Intent To Induce A Third Party's Infringement

The Federal Circuit has held that "the 'specific intent' necessary to induce infringement 'requires more than just intent to cause the acts that produce direct infringement ... [T]he inducer must have an affirmative intent to cause direct infringement.'" *Symantec Corp. v. Computer Assocs. Int'l, Inc.*, 522 F.3d 1279, 1292 (Fed. Cir. 2008) (quoting *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (relevant section *en banc*)).[5] The court has further clarified that "[i]ntent can be shown by circumstantial evidence, but the mere knowledge of possible infringement will not suffice." *Vita-Mix Corp.*, 581 F.3d at 1328 (citing *DSU Med. Corp.*, 471 F.3d at 1305-06). Accordingly, a claim for induced infringement must, at the pleading stage, "provide sufficient factual content [concerning the intent element] that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cf. Twombly*, 550 U.S. at 556.

Rovi's Amended Complaint is devoid of any allegations that Hulu had the required specific intent to encourage a third party's direct infringement. No facts alleged in Rovi's complaint provide any plausible basis to infer that Hulu's longstanding, innocent intent in providing its services before the Original Complaint somehow transformed into a specific intent to infringe Rovi's patents the instant Rovi opted to file suit. Further, the Court cannot reasonably infer that Hulu specifically intended to induce its customers to infringe the Challenged Patents based on Rovi's vague legal conclusion that Hulu "provides support, and instructs its customers

---

[5] *See also Catapano v. Wyeth Ayerst Pharm., Inc.*, 88 F. Supp. 2d 27, 30 (E.D.N.Y. 2000) (claim dismissed for failure to sufficiently allege specific intent to induce infringement); *In re Bill of Lading Transmission and Processing System Patent Litigation*, 695 F. Supp. 2d 680, 684-86 (S.D. Ohio 2010) (no reasonable inference of specific intent where complaint alleged that defendants marketed and sold infringing products to customers and customers used defendants' products in a manner that infringed patent).

and end users to use its searchable electronic programming guides in a manner that infringes [the Challenged Patents]." *Id.* ¶¶ 27, 42. Whatever Hulu activity Rovi intends to reach with this conclusion, there is no factual allegation, and no basis to infer, that such activity was specifically intended to infringe Rovi's patents, particularly where it was initiated before Rovi filed its Original Complaint and continued without alteration thereafter.

The only Hulu activities identified anywhere in Rovi's Amended Complaint are Hulu's provision of "the Hulu and Hulu Plus services" and "media-on-demand services," which Rovi alleges contain infringing electronic programming guides. Am. Compl. ¶¶ 25, 34, 40. But the reference to "electronic programming guides" is merely shorthand for the technology that Rovi contends falls within the scope of its patent claims—Rovi does not allege that Hulu makes or sells any product or component referred to by any such name, or that it has committed specific conduct deliberately calculated to encourage infringement of Rovi's patents. *See id.* ¶¶ 12-15, 18. Indeed, Rovi implicitly concedes these points by failing to provide a basis for its assertion that Hulu possesses the requisite level of specific "intent that infringement [of the '546 Patent and '775 patent] take place," instead relying solely on "information and belief." *Id.* ¶¶ 27, 42. Although courts must accept all precisely worded factual allegations as true, legal conclusions or unsupported inferences in a complaint need not be accepted in the context of deciding a motion to dismiss, and that is all that Rovi provides.

Rovi's Amended Complaint repeatedly resorts to merely reciting, without colorable factual allegations, the required elements for induced infringement. This will not do. Rovi's inducement claims lack any concrete assertions regarding Hulu's intentional inducement of third party infringing acts and thus must be dismissed.

### C. Rovi Fails To Allege The Requisite Third-Party Direct Infringement

Proof of direct third-party infringement of the asserted patents is a prerequisite to any indirect infringement claim. *SRI Int'l, Inc.*, 647 F. Supp. 2d at 335 (citing *Broadcom Corp.*, 543 F.3d at 697-98); *Ondeo Nalco Co. v. Eka Chems., Inc.*, 2002 U.S. Dist. LEXIS 26195, at *4-5 (D. Del. Aug. 10, 2002) (citing *Shearing v. Optical Radiation Corp.*, No. 93-850, 30 U.S.P.Q.2d 1878, 1994 U.S. Dist. LEXIS 18937, at *3-5 (D. Nev. Mar. 25, 1994), which held that indirect infringement claims which failed to plead direct infringement by another are insufficient). This follows logically: a defendant must have contributed to or induced an act of actual direct infringement in order to be found vicariously liable for it. Claims must be dismissed where the complaint does not plead sufficient facts plausibly showing that there has in fact been direct infringement by third parties. *See Mallinckrodt*, 670 F. Supp. 2d at 354.

Rovi's claims for induced infringement must fail because the Amended Complaint, like its predecessor, fails to allege any third-party direct infringement. Instead, Rovi simply states that "Hulu encourages, provides support and instructs its customers and end users to use its electronic programming guides in a manner that infringes at least claim 30 of the '546 Patent" and "claim 9 of the '775 patent." Am. Compl. ¶¶ 27, 42. To the extent that Rovi intends to identify Hulu's "customers and end users" as an entire category of potential direct infringers, Rovi has still failed to allege that they actually do directly infringe and has failed state why or how any specific customer or end user actions do, or even plausibly could, so infringe. Absent such allegations, the Amended Complaint fails to state a plausible claim that anyone has ever directly infringed as the result of any alleged Hulu inducement. Despite two attempts, Rovi is still unable to muster sufficient facts to state the essential, predicate direct infringement

necessary for any indirect infringement claim. In short, Rovi has provided no grounds for its claims.

Rovi's sole attempted reference to third-party activity—an implication that someone uses something called an "electronic programming guide"—does not suffice to meet Rovi's burden to state a claim that is plausible on its face. Hulu does not provide any product or service called an "electronic programming guide" and Rovi does not allege otherwise. Instead, the term "electronic programming guide" is simply a legal argument—Rovi's conclusory attempt to forge an otherwise nonexistent link between Hulu's services and Rovi's terminology for its own patented technology. Am. Compl. ¶¶ 12, 16; *see Air Vent, Inc. v. Owens Corning Corp.*, No. 10–cv–01699, 2011 WL 2601043, at *4 (W.D. Pa. June 30, 2011) (complaint dismissed, in part, because it included only a "conclusory averment that infringement would occur by purchasers and users of the [infringing product] but failed to aver any facts as to why or how … purchasers or users would be direct infringers.").

If Rovi contends that any Hulu users are automatically predicate direct infringers, then it should have, on its second bite at the apple, identified at a bare minimum the specific uses for Hulu's services that infringe Challenged Patents and why and how those uses necessarily result in direct infringement based Hulu's alleged "support and instructions." That Rovi is still completely unable to do this, even three months after the Original Complaint, demonstrates that Rovi has no basis for its claims. It further provides stark illustration that Hulu could not plausibly have known, let alone specifically intended, that any such unknown and unidentifiable direct infringement ever took place. Instead, similar to the plaintiff in *Air Vent*, Rovi vaguely surmises that Hulu's "actions <u>will</u> induce infringement of the … Patent[s]" and that "infringement of the … Patent[s] <u>will</u> take place." Am. Compl. ¶¶ 27, 42 (emphasis added).

Such implausible and conclusory statements must necessarily be disregarded and are insufficient as a matter of law to maintain any claim for indirect infringement. *Air Vent*, 2011 WL 2601043, at *4.

## VI. CONCLUSION

Rovi's conclusory allegations that Hulu now knows that the patents exist, and that Rovi now believes them infringed by some unidentified third-parties due to some unexplained activity relating to some unspecified Hulu support and instructions, are wholly insufficient to state a plausible claim for induced infringement. Rovi's inducement allegations contain only blanket legal conclusions, often masquerading as factual allegations. Hulu therefore respectfully requests that Rovi's claims for induced infringement be dismissed for failure state a claim under the controlling legal standards in *Twombly* and *Iqbal*.

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | */s/ Karen Jacobs Louden* |
| OF COUNSEL:<br><br>Morgan Chu<br>Ellisen S. Turner<br>IRELL & MANELLA LLP<br>1800 Avenue of the Stars<br>Suite 900<br>Los Angeles, CA  90067-4276<br>(310) 277-1010<br><br>November 7, 2011<br>4585502.2 | Jack B. Blumenfeld (#1014)<br>Karen Jacobs Louden (#2881)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>klouden@mnat.com<br><br>*Attorneys for Defendant Hulu, LLC* |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 7, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

> Frederick L. Cottrell, III, Esquire
> Anne Shea Gaza, Esquire
> RICHARDS, LAYTON & FINGER, PA

      I further certify that I caused copies of the foregoing document to be served on November 7, 2011 upon the following in the manner indicated:

| | |
|---|---|
| Frederick L. Cottrell, III, Esquire<br>Anne Shea Gaza, Esquire<br>RICHARDS, LAYTON & FINGER, PA<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE  19801 | *VIA ELECTRONIC MAIL* |
| Daralyn J. Durie, Esquire<br>Ragesh K. Tangri, Esquire<br>Clements S. Roberts, Esquire<br>Jesse Geraci, Esquire<br>DURIE TANGRI LLP<br>217 Leidesdorff Street<br>San Francisco, CA  94111-3007 | *VIA ELECTRONIC MAIL* |

                                       */s/ Karen Jacobs Louden*

                                       Karen Jacobs Louden (#2881)