IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROVI CORPORATION, et al.          :     CIVIL ACTION
                                  :
            v.                    :
                                  :
HULU, LLC                         :     NO. 11-665

MEMORANDUM

Baylson, J.                                          January 27, 2012

I.    Background

In this patent infringement case, five different Plaintiffs (collectively "Rovi") have alleged that Defendant Hulu, LLC ("Hulu") has infringed three separate patents and seek damages and other relief. Plaintiff Rovi Corporation asserts that the other four Plaintiffs are subsidiaries, and that Rovi Corporation is a global leader in digital entertainment technology solutions providing guidance technology, entertainment data, content protection and content networking technology to customers for use in the consumer electronics, cable, satellite, entertainment and online distribution markets to enable them to deliver a unique entertainment experience for television, movies, music and photos.

Other allegations in the First Amended and Supplemental Complaint ("Complaint") (ECF No. 20) detail the corporate history of Rovi and the various ways it conducts its business. Rovi asserts that it has approximately 1,100 U.S. patents and patent applications and over 5,000 patents and patent applications on a worldwide basis, and has licensed its patents to various third parties. Rovi asserts that it has had discussions with Hulu after making a presentation concerning alleged infringement, but Hulu has not entered into any license.

There are three counts for relief, one for each patent.

Defendant Hulu has moved to dismiss the Complaint (ECF No. 22) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Hulu's Motion to Dismiss asserts that Rovi has failed, in Counts 1 and 3, to allege any facts showing that Hulu both knew of the patents and knowingly induced a third party's infringing acts. Hulu also asserts that Rovi has failed to adequately plead facts showing that Hulu had specific intent to induce a third party's infringement and fails to allege facts showing third party direct infringement in Counts 1 and 3. Hulu asserts that Count 2 has no facts to support the allegation of direct infringement.

In its responsive brief (ECF No. 24), Rovi asserts that it has conformed with notice pleading and cites some cases from this and other jurisdictions supporting very general allegations in patent infringement cases.

## II. Legal Standard

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), courts may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). Courts must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985).

A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Iqbal clarified that the

Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), which required a heightened degree of fact pleading in an antitrust case, "expounded the pleading standard for 'all civil actions.'" 129 S. Ct. at 1953.

Iqbal explained that although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Id. at 1949, 1953. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949 (citing Twombly, 550 U.S. at 555); see also Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (citing Twombly, 550 U.S. at 556 n.3)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556).

### III. Discussion

In its opposition to Hulu's Motion to Dismiss, Rovi cites some District Court cases which have taken a more narrow view of Iqbal than the undersigned believes is appropriate. However, the arguments made by Rovi are no substitute for factual allegations "showing that the pleader is entitled to relief . . .", as is explicitly required in Rule 8 as interpreted by Iqbal.

The Court agrees with Hulu that the Complaint fails to meet the standards required by the Supreme Court in the landmark cases of Twombly and Iqbal. There are simply no facts plead to advise Hulu how or why Hulu's conduct infringes on Rovi's patents, what actions Hulu took that

would warrant a conclusion that the infringement was done willfully or intentionally, and no facts to support the claims that Hulu induced others to infringe.

The Federal Circuit's opinion in McZeal v. Sprint Nextel Corp., 501 F.3d 1354 (Fed. Cir. 2007), a patent infringement case decided after Twombly but before Iqbal is not controlling. Initially, McZeal notes that a motion to dismiss is a purely procedural question not pertaining to patent law and thus the Federal Court will apply the law of the regional circuit. Id. at 1355-6. In McZeal, the Federal Circuit suggested that Form 18 of the Federal Rules of Civil Procedure, which provides a sample complaint for patent infringement, satisfies the pleading standard set forth in Twombly. Form 18 only requires: (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent by making, selling, and using the device or devices that embody the patented invention, (4) a statement that plaintiff has given defendant notice of the infringement; and (5) a demand for injunctive relief and damages. See Fed. R. Civ. P. Form 18.

The Supreme Court's decision in Iqbal requires adherence, and undermines the precedential value of McZeal. See, e.g., Eidos Comms., LLC v. Skype Tech. SA, 686 F. Supp. 2d 465, 467 (D. Del. 2010) (holding that mere allegations that defendants' "communication system products and/or methodologies" infringed plaintiff's patents were insufficient because plaintiff was "obligated to specify, at a minimum, a general class of products or a general identification of the alleged infringing methods"). Moreover, other district courts have found McZeal to be irreconcilable with Twombly and Iqbal and have declined to follow it altogether. See, e.g., Tyco Fire Prods. LP v. Victaulic Co., 777 F. Supp. 2d 893, 905 (E.D. Pa. 2011) (Robreno, J.) (explaining that "the forms purporting to illustrate what level of pleading is

required do not reflect the sea change of Twombly and Iqbal," and recommending that the forms be updated "to clearly comply with existing law"). The Third Circuit's rulings after Iqbal clearly warrant a more factual pleading.

McZeal is also inapposite on relevant facts. As the Federal Circuit itself noted in McZeal, the decision in that case was driven, at least in part, by the fact that the plaintiff was proceeding pro se and was thus entitled to a somewhat relaxed pleading standard. See 501 F.3d at 1356 ("Where, as here, a party appeared pro se before the trial court, the reviewing court may grant the pro se litigant leeway on procedural matters, such as pleading requirements."). Therefore, McZeal cannot properly be read as a blanket rule governing all infringement actions.

Rovi will be allowed to file a second amended complaint and need not allege every possible theory and all specific facts, but can, should and must plead sufficient facts to show that it is entitled to relief.

An appropriate Order follows.


O:\DE Cases\11-665 Rovi v Hulu\Rovi v Hulu Memo MTD.wpd