IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROVI CORPORATION, ROVI TECHNOLOGIES CORPORATION, ROVI GUIDES, INC. (f/k/a GEMSTAR-TV GUIDE INTERNATIONAL INC.), GEMSTAR DEVELOPMENT CORPORATION and UNITED VIDEO PROPERTIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> HULU, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) C.A. No. 11-665 (RGA) ) ) ) ) ) ) ) |

**HULU, LLC'S ANSWER TO PLAINTIFFS' SECOND AMENDED AND SUPPLEMENTAL COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Hulu, LLC ("Hulu") hereby answers the Second Amended and Supplemental Complaint for Patent Infringement (D.I. 29) ("Complaint") of Plaintiffs Rovi Corporation, Rovi Technologies Corporation, Rovi Guides, Inc., Gemstar Development Corporation, and United Video Properties, Inc. (collectively "Rovi") as set forth below.  Unless specifically admitted, Hulu denies each and every allegation made by Rovi in the Complaint and states as follows:

**NATURE OF THE ACTION**

1.      Hulu admits that Rovi has brought the action identified in the Complaint and that Rovi refers to United States Patent No. 6,396,546 ("the '546 Patent"), United States Patent No. 7,103,906 ("the '906 Patent"), and United States Patent No. 7,769,775 ("the '775 Patent") collectively as the "Asserted Patents."  Hulu denies all remaining allegations of Paragraph 1 of the Complaint.

## THE PARTIES

### Plaintiffs

2. In response to paragraph 2, Hulu does not have sufficient knowledge or information to form a belief regarding the truth of the allegations of paragraph 2 and on that basis denies them.

3. In response to paragraph 3, Hulu does not have sufficient knowledge or information to form a belief regarding the truth of the allegations of paragraph 3 and on that basis denies them.

4. In response to paragraph 4, Hulu does not have sufficient knowledge or information to form a belief regarding the truth of the allegations of paragraph 4 and on that basis denies them.

5. In response to paragraph 5, Hulu does not have sufficient knowledge or information to form a belief regarding the truth of the allegations of paragraph 5 and on that basis denies them.

6. In response to paragraph 6, Hulu does not have sufficient knowledge or information to form a belief regarding the truth of the allegations of paragraph 6 and on that basis denies them.

### Defendant

7. Hulu admits that it is a Delaware limited liability company with a principal place of business at 12312 West Olympic Blvd., Los Angeles, California 90064.

### Jurisdiction and Venue

8. Hulu admits that Rovi contends that this action arises under the patent laws of the United States. Hulu admits that this Court has subject matter jurisdiction over

claims for infringement of United States patents pursuant to 28 U.S.C. §§ 1331 and 1338(a). Hulu denies all remaining allegations of Paragraph 8 of the Complaint.

9. Hulu admits that it is a Delaware limited liability company, that Hulu provides video services that may be accessible in Delaware, and that this Court has personal jurisdiction over it. Hulu denies all remaining allegations of Paragraph 9 of the Complaint.

10. Hulu admits that this action may proceed in the present venue pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b), without waiver of, or prejudice to, any future motion to transfer this action, including pursuant to 18 U.S.C. § 1404(a). Hulu denies all remaining allegations of Paragraph 10 of the Complaint.

## FACTUAL BACKGROUND

### Response to Allegations Regarding "Rovi's Intellectual Property"

11. Hulu does not have sufficient knowledge or information to form a belief regarding the truth of the allegations of Paragraph 11 and on that basis denies them.

12. Hulu does not have sufficient knowledge or information to form a belief regarding the truth of the allegations of Paragraph 12 and on that basis denies them.

13. Hulu does not have sufficient knowledge or information to form a belief regarding the truth of the allegations of Paragraph 13 and on that basis denies them.

14. Hulu does not have sufficient knowledge or information to form a belief regarding the truth of the allegations of Paragraph 14 and on that basis denies them.

15. Hulu does not have sufficient knowledge or information to form a belief regarding the truth of the allegations of Paragraph 15 and on that basis denies them.

16. Hulu does not have sufficient knowledge or information to form a belief regarding the truth of the allegations of Paragraph 16 and on that basis denies them.

17. Hulu denies that it has infringed any valid and enforceable claim of the Asserted Patents and denies that any Hulu activity presents significant and ongoing damages to Rovi's business. Hulu does not have sufficient knowledge or information to form a belief regarding the truth of the remaining allegations of Paragraph 17 and on that basis denies them.

18. Hulu does not have sufficient knowledge or information to form a belief regarding the truth of the allegations of Paragraph 18 and on that basis denies them.

### Response To Allegations Regarding Hulu

19. Hulu admits that it has a website, that Hulu has offered content from FOX, NBCUniversal, ABC, and Miramax, and that its website currently includes a sentence that reads, "Hulu is an online video service that offers a selection of hit shows, clips, movies and more at Hulu.com, numerous destination sites online, and through our ad-supported subscription service, Hulu Plus." Hulu denies all remaining allegations of Paragraph 19 of the Complaint.

20. Hulu admits that it has an online video service at its website at Hulu.com and an ad-supported internet video subscription service called Hulu Plus. Hulu denies all remaining allegations of Paragraph 20 of the Complaint.

21. Hulu admits that it has an online video service at its website at Hulu.com and an ad-supported internet video subscription service called Hulu Plus. Hulu denies all remaining allegations of Paragraph 21 of the Complaint.

22. Hulu admits that it has an ad-supported internet video subscription service called Hulu Plus and that Hulu's website currently includes a sentence that reads, "Additionally, Hulu Plus subscribers can access content across PCs, internet-connected

TVs, set-top boxes, gaming consoles and mobile phones and tablets." Hulu denies all remaining allegations of Paragraph 22 of the Complaint.

23. Hulu admits that its website currently includes a sentence that reads, "Hulu's mission is to help people find and enjoy the world's premium video content when, where and how they want it." Hulu denies all remaining allegations of Paragraph 23 of the Complaint.

24. Hulu admits that in August 2008 it received licensing communications from Rovi, which at the time referred to itself as Macrovision, and that Rovi referred to the '546 Patent in a document provided during those communications. Hulu denies all remaining allegations of Paragraph 24 of the Complaint.

25. Hulu admits that it has had discussions with Rovi after August 2008 and that Hulu has not itself entered into a license agreement with Rovi. Hulu denies all remaining allegations of Paragraph 25 of the Complaint.

**ANSWER TO FIRST CLAIM FOR RELIEF**
**(Infringement of U.S. Patent No. 6,396,546)**

26. Hulu incorporates by reference its responses to Paragraphs 1-25 of the Complaint.

27. Hulu does not have sufficient knowledge or information to form a belief regarding the truth of the allegations of Paragraph 27 of the Complaint and on that basis denies them.

28. Hulu admits that the face of the '546 Patent indicates that it issued on May 28, 2002 and has the title "Electronic Television Program Guide Schedule System and Method." Hulu also admits that a copy of what appears to be the '546 Patent was

attached to the Complaint as Exhibit A. Hulu denies all remaining allegations of Paragraph 28 of the Complaint.

29. Hulu denies the allegations of Paragraph 29 of the Complaint.

30. Hulu denies the allegations of Paragraph 30 of the Complaint.

31. Hulu admits that the text recited in Paragraph 31 of the Complaint appears to be the text of claim 22 of the '546 Patent. Hulu denies all remaining allegations of Paragraph 31 of the Complaint.

32. Hulu denies the allegations of Paragraph 32 of the Complaint.

33. Hulu denies the allegations of Paragraph 33 of the Complaint.

34. Hulu denies the allegations of Paragraph 34 of the Complaint.

35. Hulu admits that it has a feature referred to as "Ad Swap" and that the website at blog.hulu.com has a page that currently has text that reads, "Hulu Ad Swap is the next evolution in user choice and control — an ad innovation designed to dramatically improve the advertising experience for users and results for brands. Hulu Ad Swap puts complete control in the hands of the user by enabling them to instantly swap out of an ad they are watching for one that is more relevant." Hulu denies all remaining allegations of Paragraph 35 of the Complaint.

36. Hulu admits that it currently provides information regarding "Ad Swap" on its website, including at the location http://www.hulu.com/adswap. Hulu denies all remaining allegations of Paragraph 36 of the Complaint.

37. Hulu denies the allegations of Paragraph 37 of the Complaint.

38. Hulu denies the allegations of Paragraph 38 of the Complaint.

39. Hulu denies the allegations of Paragraph 39 of the Complaint.

40. Hulu denies the allegations of Paragraph 40 of the Complaint.

## ANSWER TO SECOND CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 7,103,906)

41. Hulu incorporates by reference its responses to Paragraphs 1-40 of the Complaint.

42. Hulu does not have sufficient knowledge or information to form a belief regarding the truth of the allegations of Paragraph 42 of the Complaint and on that basis denies them.

43. Hulu admits that the face of the '906 Patent indicates that it issued on September 5, 2006 and is entitled "User Controlled Multi-Device Media-on-Demand System." Hulu also admits that a copy of what appears to be the '906 Patent was attached to the Complaint as Exhibit B. Hulu denies all remaining allegations of Paragraph 43 of the Complaint.

44. Hulu denies the allegations of Paragraph 44 of the Complaint.

45. Hulu denies the allegations of Paragraph 45 of the Complaint.

46. Hulu admits that the text recited in Paragraph 46 of the Complaint appears to be the text of claim 1 of the '906 Patent. Hulu denies all remaining allegations of Paragraph 46 of the Complaint.

47. Hulu admits that Hulu's website currently includes a sentence that reads, "Migrate your viewing experience seamlessly across devices: start watching on your phone, continue watching on your TV." Hulu denies all remaining allegations of Paragraph 47 of the Complaint.

48. Hulu denies the allegations of Paragraph 48 of the Complaint.

49. Hulu denies the allegations of Paragraph 49 of the Complaint.

50. Hulu denies the allegations of Paragraph 50 of the Complaint.

51. Hulu denies the allegations of Paragraph 51 of the Complaint.

52. Hulu denies the allegations of Paragraph 52 of the Complaint.

53. Hulu denies the allegations of Paragraph 53 of the Complaint.

**ANSWER TO THIRD CLAIM FOR RELIEF**
**(Infringement of U.S. Patent No. 7,769,775)**

54. Hulu incorporates by reference its responses to Paragraphs 1-53 of the Complaint.

55. Hulu does not have sufficient knowledge or information to form a belief regarding the truth of the allegations of Paragraph 55 of the Complaint and on that basis denies them.

56. Hulu admits that the face of the '775 Patent indicates that it issued on August 3, 2010 and is entitled "Search Engine for Video and Graphics with Access Authorization." Hulu also admits that a copy of what appears to be the '775 Patent was attached to the Complaint as Exhibit C. Hulu denies all remaining allegations of Paragraph 56 of the Complaint.

57. Hulu denies the allegations of Paragraph 57 of the Complaint.

58. Hulu denies the allegations of Paragraph 58 of the Complaint.

59. Hulu admits that the text recited in Paragraph 59 of the Complaint appears to be the text of claim 1 of the '775 Patent. Hulu denies all remaining allegations of Paragraph 59 of the Complaint.

60. Hulu denies the allegations of Paragraph 60 of the Complaint.

61. Hulu denies the allegations of Paragraph 61 of the Complaint.

62. Hulu denies the allegations of Paragraph 62 of the Complaint.

63. Hulu denies the allegations of Paragraph 63 of the Complaint.

64. Hulu denies the allegations of Paragraph 64 of the Complaint.

65. Hulu denies the allegations of Paragraph 65 of the Complaint.

66. Hulu denies the allegations of Paragraph 66 of the Complaint.

67. Hulu denies the allegations of Paragraph 67 of the Complaint.

68. Hulu denies the allegations of Paragraph 68 of the Complaint.

69. Hulu admits that Hulu's website currently includes a sentence that reads, "You can search for videos on Hulu using titles and keywords, but you can also use search operators to craft even more specific queries." Hulu further admits that Hulu's website currently includes text that reads, "In the Filters area near the top of the page, you will see checkboxes for Hulu Plus and HD" and, separately, text that reads "Only show free videos." Hulu denies all remaining allegations of Paragraph 69 of the Complaint.

70. Hulu denies the allegations of Paragraph 70 of the Complaint.

71. Hulu denies the allegations of Paragraph 71 of the Complaint.

**ANSWER TO DEMAND FOR JURY TRIAL AND PRAYER FOR RELIEF**

72. With respect to the Demand for Jury Trial, Hulu admits that Rovi demands a trial by jury of this action. Hulu denies any and all allegations in the remainder of the Complaint, including any allegations in the Prayer for Relief (Paragraphs (A)-(G)). Hulu denies that Rovi is entitled to any relief in any form whatsoever from Hulu and specifically denies that Rovi is entitled to any of the relief requested in the Prayer for Relief. Hulu further denies each and every allegation in the Complaint to which it has not specifically responded.

## AFFIRMATIVE AND OTHER DEFENSES

73. Hulu asserts defenses as set forth below. By pleading these defenses, Hulu does not in any way agree or concede that Hulu has the burden of proof or persuasion on any of these issues.

### First Affirmative Defense
### (Failure to State a Claim)

74. Rovi has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense
### (Non-infringement of the Asserted Patents)

75. Hulu has not directly or indirectly infringed, either literally or under the doctrine of equivalents, either individually or collectively, any valid claim of the Asserted Patents, and is not liable for any infringement thereof.

### Third Affirmative Defense
### (Invalidity of the Asserted Patents)

76. One or more claims of the Asserted Patents is invalid for failing to comply with the patent law provisions of the United States, as codified in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112 because, among other things, such claims lacks utility, are anticipated by, and/or obvious in view of, the prior art; is unsupported by the written description; is not enabled; and/or is indefinite.

### Fourth Affirmative Defense
### (Prosecution History Estoppel)

77. On information and belief, Rovi's claims are barred by the doctrine of prosecution history estoppel and Rovi is estopped from construing or interpreting the claims to cover any acts of Hulu by reason of the proceedings during prosecution of

applications that relate to the Asserted Patents, and the admissions and representations made in such proceedings.

### Fifth Affirmative Defense
### (Laches, Waiver, Estoppel, and Acquiescence)

78. Rovi's claims for relief are barred in whole or in part by laches, waiver, estoppel, or acquiescence due to inaction and the failure to timely assert the patents.

### Sixth Affirmative Defense
### (Unclean Hands)

79. Rovi is barred from any recovery because it comes to the Court with unclean hands.

### Seventh Affirmative Defense
### (Failure To Provide Notice)

80. Rovi's ability to recover for any alleged infringement is limited by the failure of Rovi and/or its licensees to meet the requirements of 35 U.S.C. § 287.

### Eighth Affirmative Defense
### (License/Limitation on Damages)

81. To the extent that any of Rovi's allegations of infringement are premised on the alleged use, sale, or offer for sale of methods, systems, apparatuses, and/or products that were provided, practiced, or implemented by or for a licensee of Rovi or its predecessors-in-interest, or provided to Hulu by a licensee of Rovi or its predecessors-in-interest, such allegations are barred pursuant to such license agreements.

### Ninth Affirmative Defense
### (Alleged Equitable Relief Unavailable)

82. On information and belief, Rovi's claims for injunctive relief are barred because Rovi has an adequate remedy at law.

### Tenth Affirmative Defense
### (Limitation of Action)

83. No claim of damages is available for any alleged infringement committed more than six years prior to the filing of the Complaint, pursuant to 35 U.S.C. § 286.

84. Hulu reserves the right to assert additional defenses as may be warranted by discovery or further investigation in this action.

### PRAYER FOR RELIEF

WHEREFORE, in view of the foregoing Answer, Hulu prays that the Court enter judgment in its favor and against Rovi as follows:

A. That Rovi's Complaint be dismissed with prejudice and that Rovi take nothing by its Complaint.

B. That the Court find that Hulu has not and does not infringe the Asserted Patents directly or indirectly, literally or under the doctrine of equivalents.

C. That the Court find that the claims of the Asserted Patents are invalid.

D. That Rovi be required to pay Hulu's attorneys' fees and expenses pursuant to 35 U.S.C. § 285.

E. That Rovi be required to pay Hulu's costs.

F. That Hulu be awarded such other and further relief as the Court deems just and reasonable.

### DEMAND FOR JURY TRIAL

Hulu demands a trial by jury on all issues triable of right by a jury that are raised in Rovi's Complaint and Hulu's Answer.

|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
|  | */s/ Karen Jacobs Louden* |
| OF COUNSEL: | Jack B. Blumenfeld (#1014)<br>Karen Jacobs Louden (#2881)<br>Michael J. Flynn (#5333)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>klouden@mnat.com<br>mflynn@mnat.com |
| Ellisen S. Turner<br>Morgan Chu<br>IRELL & MANELLA LLP<br>1800 Avenue of the Stars<br>Suite 900<br>Los Angeles, CA 90067-4276<br>(310) 277-1010<br>mchu@irell.com<br>eturner@irell.com | *Attorneys for Defendant Hulu, LLC* |

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 12, 2012, upon the following in the manner indicated:

| | |
|---|---|
| Frederick L. Cottrell, III, Esquire<br>Anne Shea Gaza, Esquire<br>RICHARDS, LAYTON & FINGER, PA<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE  19801 | *VIA ELECTRONIC MAIL* |
| Daralyn J. Durie, Esquire<br>Ragesh K. Tangri, Esquire<br>Clements S. Roberts, Esquire<br>Jesse Geraci, Esquire<br>DURIE TANGRI LLP<br>217 Leidesdorff Street<br>San Francisco, CA  94111-3007 | *VIA ELECTRONIC MAIL* |

*/s/ Karen Jacobs Louden*

Karen Jacobs Louden (#2881)